IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JERRY ASHENFELTER, et al.,

    *Plaintiffs,*

vs.

Case No. 22-1144-EFM-KGG

ESCOTT AERIAL SPRAYING, LLC, et al.,

    *Defendants.*

**MEMORANDUM AND ORDER**

Five plaintiffs filed suit in state court against six defendants alleging that Defendants sprayed pesticides on their properties resulting in damage to their properties. Plaintiffs assert five state law claims and seek $620,760.00 in damages. Three Defendants, with the consent of the other three Defendants, removed the case to this Court. Plaintiffs are now before the Court with a Motion to Remand (Doc. 15) asserting that the removal of the action was procedurally improper because two of the three consenting Defendants failed to appropriately and timely provide written consent. Because the Court finds that Defendants cured the procedural defect and there is limited prejudice to Plaintiffs, the Court denies Plaintiffs' motion.

## I. Factual and Procedural Background

Plaintiffs Jerry Ashenfelter, Rita Ashenfelter, Jason Braun, Lisa Braun, and Lora Bennet filed suit on May 25, 2022, in Cowley County, Kansas District Court. Defendants include Tri-Country Sprayers, Inc., Brad Lakey, Vance Lakey (collectively "Tri-County Defendants"); Escott Aerial Spraying, LLC ("Escott"); Andy Deterding AG Aviation, Inc. ("Deterding AG"), and Thomas Deterding (collectively "Deterding Defendants"). Plaintiffs assert five state law claims based on alleged damage to their property from Defendants' crop dusting with pesticides.

On June 2, 2022, Defendants Escott and Thomas Deterding were served with process. On June 8, 2022, Tri-County Defendants were served with process. On June 27, 2022, Defendant Deterding AG was served with process through counsel.

On June 29, 2022, Tri-County Defendants removed the case from Cowley County, Kansas District Court to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In the Notice of Removal, Tri-County Defendants asserted that they were served with the summons and petition on June 8, 2022. They also asserted that Defendant Escott and Deterding Defendants consented to the removal of the action. On the same day, Tri-County Defendants filed an Answer in this Court.

On July 1, 2022, counsel for Escott entered his appearance. On July 5, 2022, counsel for Deterding Defendants entered his appearance and filed an Answer. On July 11, 2022, Defendant Escott filed its Answer.

On July 22, 2022, Plaintiffs filed their Motion to Remand asserting that Defendant Escott and Deterding Defendants failed to appropriately consent to removal. In addition, Plaintiffs asserted that Defendant Escott and Thomas Deterding failed to timely provide consent. On July 25, 2022, Defendant Escott and Deterding Defendants filed written Notices of Consent.

On July 26, 2022, Deterding AG filed a Notice of Removal. In this Notice, it asserted that although prior notice by Tri-County Defendants was previously filed, Notice was being filed in an abundance of caution. On this same date, the other five Defendants filed separate notices of consent.

Plaintiffs are now before the Court with their Motion to Remand.

## II.     Legal Standard

If an action originally filed in state court could have been heard in federal court, it can be removed to federal court.[1] Under 28 U.S.C. § 1332(a), a federal district court has original jurisdiction where complete diversity exists between the parties and the amount in controversy exceeds $75,000. A federal court must remand the action to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[2]

In addition to a lack of subject matter jurisdiction, defects in the removal procedure may justify remand back to the state court.[3] Procedural defects include an untimely notice of removal or failure to comply with the procedural requirements of 28 U.S.C. § 1446(b).[4] Section 1446(b)(2)(A) provides that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of

---

[1] 28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[2] 28 U.S.C. § 1447(c).

[3] *See* 28 U.S.C. § 1447(c); *Henderson v. Holmes*, 920 F. Supp. 1184, 1186-87 (D. Kan. 1996).

[4] *Farmland Nat'l Beef Packing Co., L.P. v. Stone Container Corp.*, 98 F. App'x 752, 756 (10th Cir. 2004) (noting that "the lack of unanimous consent is a procedural defect, not a jurisdictional defect"); *Henderson*, 920 F. Supp. at 1187 (citations omitted).

the action." Violation of this rule, commonly known as the "unanimity rule," renders the petition for removal procedurally defective and may justify remand to state court.[5]

### III. Analysis

Plaintiffs assert that removal in this case was defective, and the case should be remanded to Cowley County.

28 U.S.C. § 1446 provides:

(a) Generally. –A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) Requirements; generally.—(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

(2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.

(B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

(C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.

---

[5] *Henderson*, 920 F. Supp. at 1186.

**A.    Form of Consent**

In the Notice of Removal, Tri-County Defendants stated that representatives for Escott and Deterding Defendants had been contacted and that they consented to removal. Plaintiffs argue that this representation is insufficient because one defendant cannot speak on behalf of another defendant. Defendants contend that § 1446 does not explicitly require co-defendants to file notices of consent within 30 days nor explicitly prescribe the form of consent. They assert that courts that have imposed a deadline and the requirement of a separate written consent have placed form over substance. Thus, they contend that Defendant Tri-County's representation in the Notice of Removal that Escott and the Deterding Defendants consented to removal was sufficient.

There is no specific requirement set forth in the removal statute as to the form of consent needed by a non-removing defendant. And neither the United States Supreme Court nor the Tenth Circuit have ruled on the form of consent a non-removing defendant must provide.[6] "Other circuit courts are split on whether the consent requirement may be met by representations from counsel for the removing defendant that all co-defendants consent."[7] "The Second, Fifth, and Seventh Circuits require each non-removing co-defendant to file a separate, written indication of consent."[8] "In contrast, the Fourth, Sixth, Eighth, and Ninth Circuits permit the removing defendant to

---

[6] *See McLaughlin v. Ford Motor Co.*, --- F. Supp. 3d ---, 2022 WL 1571311, at *2 (N.D. Okla. 2022); *Beasley v. Progressive Northwestern Ins. Co.*, 2015 WL 630566, at *3 (D. Kan. 2015).

[7] *Beasley*, 2015 WL 630566, at *3 (citing *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1224-25 (9th Cir. 2009) (collecting cases)).

[8] *McLaughlin*, 2022 WL 1571311, at *3 (citing *Pietrangelo v. Alvas Corp.*, 686 F.3d 62, 66 (2d Cir. 2012); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994); *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F2d 1254, 1262 n. 11 (5th Cir. 1988)).

unambiguously aver to the non-removing co-defendant's consent in the Notice of Removal signed pursuant to Rule 11."[9]  This circuit split has been ongoing for years.

Decisions from the District of Kansas, however, "have held that to 'join' in the removal is to support it in writing."[10]  This requirement follows the Second, Fifth, and Seventh Circuit's reasoning.  "The removing party's representation in a notice of removal that other defendants consent is generally not enough to establish that they join in the removal."[11]  Instead, "the long-standing rule in this district" requires "separate, written consent."[12]  In addition, the filing of an answer is generally insufficient for the Court to infer consent.[13]

Here, three of the six Defendants did not file a separate, written consent when the case was removed.  Instead, the three removing Defendants stated that these three Defendants consented.  The Court recognizes that requiring separate consent essentially places form over substance, and the requirement is not expressly stated in the statute.  But this district has still required it.[14]  And three Defendants did not do so.

**B.   Timing of Consent**

Plaintiffs also assert that the 30-day window to provide consent expired for Escott and Thomas Deterding on July 2, 2022—30 days from the date Defendants Escott and Thomas

---

[9] *Id.* (citing *Griffioen v. Cedar Rapids Iowa City Ry. Co.*, 785 F.3d 1182, 1187 (8th Cir. 2015); *Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 741-42 (4th Cir. 2013); *Proctor*, 584 F.3d at 1224-25; *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004)). District courts within the Tenth Circuit are also split. *Id.* (setting forth decisions from the Eastern, Western, and Northern Districts of Oklahoma; the District of Utah; the District of New Mexico; and the District of Colorado).

[10] *Beasley*, 2015 WL 630566, at *3 (citations omitted).

[11] *Id.* (citing *Henderson*, 920 F. Supp. at 1186)

[12] *Id.* at *4.

[13] *Henderson*, 920 F. Supp. at 1187 (citation omitted).

[14] *Beasley*, 2015 WL 630566, at *4.

Deterding were served with process. Plaintiffs argue that a reasonable interpretation of the removal and remand statutes supports District of Kansas precedent requiring a co-defendant's consent to be filed within thirty days of service on that defendant. Defendants contend that there is no specific timeframe in the statute for providing consent, so they were not required to file written consent within 30 days of service. Because there is no specific timeframe, Defendants contend that Escott and Thomas Deterding's written notices of consent filed on July 25, 2022, were not untimely.

There is no explicit requirement in § 1446 as to when a defendant must consent to the removal of the action. Section 1446(b)(1) provides that "[t]he *notice of removal* of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service . . . of a copy of the initial pleading."[15] Section 1446(b)(2)(B) provides that "*[e]ach* defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (2) *to file the notice of removal*."[16] And section 1446(b)(2)(A) states that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."[17] Accordingly, the statute requires properly served defendants to join or consent to the removal, but it does not explicitly state when their consent must be filed.

And like the form of consent issue, neither the United States Supreme Court nor the Tenth Circuit have ruled on the specific timing of when a non-removing defendant must file consent.[18]

---

[15] 28 U.S.C. § 1446(b)(1) (emphasis added).

[16] *Id.* § 1446(b)(2)(B) (emphasis added).

[17] *Id.* § 1446(b)(2)(A).

[18] *See Zambrano v. New Mexico Corrs. Dep't*, 256 F. Supp. 3d 1179, 1184 (D.N.M. 2017) ("The Tenth Circuit has not definitively addressed whether the last-served defendant rule and the rule of unanimity require that all

Several decisions from the District of Kansas, however, have read a thirty-day timeframe to consent into the statute running from the time each defendant is served. Specifically, "'all defendants who have been properly joined and served must join in or consent to the removal of the action' within the 30-day period defined in [s]ection 1446(b)(1)."[19]

In this case, Defendant Epcott and the Deterding Defendants did not separately join in or consent to the June 29, 2022, removal. Two of three Defendants—Epcott and Thomas Deterding—were served on June 2, 2022. Thus, they had until July 2, 2022, to file their written consents, and they filed their written consents 23 days late on July 25, 2022.[20] Accordingly, Epcott's and Thomas Deterding's consents were untimely.

**C.     Cure**

Defendants argue that if the Court finds that the consent notices were untimely, the Court should consider those defects cured. They rely on a case from the District of Kansas, *Beasley v. Progressive Northwestern Insurance Co.*,[21] in which the court accepted a late-filed consent finding that the procedural defect could be cured. Plaintiffs argue that *Beasley* was wrongly decided and that the Court should not allow Defendants' untimely consents. They also assert that allowing cure would prejudice them.

---

served defendants consent to removal within the thirty days of service upon the later-served defendant. It is clear under those rules, a defendant has thirty days to file a notice of removal within thirty days of service on the last-served defendant, but it is much less clear whether *consent* to such removal must be effectuated within this thirty-day window, or whether a notice of consent may be filed at any time . . . .").

[19] *Houlik v. Santander Consumer, USA, Inc.*, 2014 WL 6632951, at *2 (D. Kan. 2014) (quoting *Henderson*, 920 F. Supp. at 1187); *Beasley*, 2015 WL 630566, at *4 ("Under § 1446, each defendant must consent within thirty days after receipt by or service on that defendant.").

[20] Deterding AG was served on June 27, 2022, and its written consent was filed on July 25, 2022—within 30 days of service.

[21] 2015 WL 630566 (D. Kan. 2015).

In *Beasley*, the plaintiff filed suit in state court and served all three defendants on the same date.[22] Twenty-three days later, one defendant (Progressive) removed the case to federal court.[23] In the removal, Progressive stated that its counsel represented one of the co-defendants (Gutierrez) who also consented to the removal.[24] In addition, Progressive asserted that the third defendant (CCS) consented to removal.[25]

Approximately two weeks after the removal, each defendant filed a motion to dismiss.[26] The plaintiff then filed a motion to remand asserting that the parties were not completely diverse and that two defendants did not file a timely, written consent to removal.[27] Fifteen days after the plaintiff's motion, CCS filed a notice of consent and joinder of removal explicitly consenting in writing to removal.[28]

In deciding "whether the case should be remanded because CCS failed to file a separate, written consent to removal within thirty days of service, . . . [t]he Court decline[d] to disavow the rule followed in this district that a removing co-defendant must file a separate, written, consent."[29] The court noted that the separate consent rule was not burdensome.[30] However, despite CCS not filing a separate, written consent within 30 days of being served, "[b]ecause the requirement that

---

[22] *Id.* at *2.

[23] *Id.*

[24] *Id.*

[25] *Id.*

[26] *Id.*

[27] *Id.*

[28] *Id.*

[29] *Id.* at *4.

[30] *Id.*

non-removing defendants separately consent is non-jurisdictional," the court went on to determine "whether this procedural defect may be cured" by CCS's untimely written consent.[31]

The court first found that it was "not required to remand under the language of the statute."[32] And ultimately, the court found that CCS's "late-filed consent should be accepted" because "the goal of the unanimity rule is that the Court be assured all parties consent to federal jurisdiction," and that goal was met in the case.[33] In addition, the court found that "the prejudice to Plaintiff in denying remand under the circumstances [was] quite low."[34] Thus, the court allowed the separate, written consent although it was filed "seventeen days after the deadline."[35]

In this case, there are similar circumstances, and the Court employs the same reasoning. As noted above, there is no explicit requirement in the statute to file a separate, written consent, but rather, it is a procedural construct created by the Court. The reason for the unanimity rule, as even Plaintiff asserts, is to ensure the record clearly demonstrates that all Defendants consent to removal and federal jurisdiction. And the record in this case more than satisfies the rule.

Here, Defendants were served on three different dates. When the Tri-County Defendants removed the case, it affirmatively stated that the three other Defendants (all of whom had been served—Escott, Thomas Deterding, and AG Deterding) consented to the removal. Within two days of the removal, Escott's counsel entered his appearance. Within six days of removal,[36] the

---

[31] *Id.* at *5; *see also Countryman v. Farmers Ins. Exchange*, 639 F.3d 1270, 1272 (10th Cir. 2011) (finding that a *de minimis* procedural defect was curable either before or after the expiration of the thirty-day removal period).

[32] *Id.* (citing 28 U.S.C. § 1447(c); *Christenson Media Grp., Inc. v. Lang Indus., Inc.*, 782 F. Supp. 2d 1213, 1217-18 (D. Kan. 2011)).

[33] *Id.*

[34] *Id.* at *6.

[35] *Id.* at *5-6.

[36] Three of those days were weekend days and the Fourth of July holiday.

Deterding Defendants' counsel entered an appearance and filed an Answer. Six days later, Escott filed its Answer. At this point, there had been a representation that all Defendants consented to the removal, and all Defendants had performed an action in court with regard to the case.

Three days after Plaintiffs filed their motion to remand, Escott and the Deterding Defendants filed a separate Notice of Consent. One day later, on July 26, 2022, AG Deterding also filed its own Notice of Removal, paying the filing fee.[37] The same day, Thomas Deterding, Tri-County Defendants, and Escott filed separate notices of consent to AG Deterding's Notice of Removal.

The Court finds that although two Defendants' notices of consent were untimely by 23 days, their late consents are sufficient to cure the procedural defect. There is no ambiguity that Defendants consented to removal. In addition, there is no prejudice to Plaintiffs in this case.[38] Furthermore, there is no impediment for the Court's ability to proceed with the case.[39] Finally, the Court notes that although it must resolve all doubts in favor of remand, there are no doubts in this case as to Defendants' consent to federal jurisdiction. Thus, the Court finds that the filing of the Notices of Consent to Removal cured the procedural defect.

---

[37] This Notice of Removal was within 30 days of service on AG Deterding. The Court notes that this removal was likely ineffective because the case had already been removed to federal court.

[38] Although Plaintiffs assert that allowing cure would prejudice them, they do not identify any reasons why it affects them in this case.

[39] *See Countryman*, 639 F.3d at 1273 (finding that procedural defect was *de minimus* by considering whether the defect was cured, whether the plaintiff was prejudiced by the defect, and whether the district court's ability to proceed with the case was materially impaired).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 15) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 30th day of January, 2023.

                                                                   *Eric F. Melgren*
                                                                   ERIC F. MELGREN
                                                                   CHIEF UNITED STATES DISTRICT JUDGE