# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JERRY ASHENFELTER, | ) | |
| RITA ASHENFELTER, | ) | |
| JASON BRAUN, LISA BRAUN, | ) | |
| and LORA BENNET, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 6:22-cv-01144-EFM-KGG |
| | ) | |
| ESCOTT AERIAL SPRAYING, LLC, | ) | |
| ANDY DETERDING AG AVIATION, | ) | |
| INC., THOMAS DETERDING, | ) | |
| TRI-COUNTY SPRAYERS, INC., | ) | |
| BRAD LAKEY, and VANCE LAKEY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM & ORDER GRANTING
## MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Now before the Court is the Plaintiffs' Motion for Leave to file their First Amended Complaint. (Doc. 51). Plaintiffs seek leave to amend their complaint to plead punitive damages with respect to counts I, II, and IV against Escott Aerial Spraying, LLC ("Escott") and Andy Deterding Ag Aviation ("Deterding"). (Doc. 51, at 1). Defendants Escott and Deterding oppose the motion. (Docs. 54, 55). For the reasons set forth below, the Court **GRANTS** Plaintiffs' Motion to Amend.

## BACKGROUND

On June 29, 2022, Tri-County Sprayers, Inc. (TCSI), Brad Lakey, and Vance Lakey removed the Plaintiffs' action from the Kansas District Court of Cowley-Winfield County to the

1

United States District Court for the District of Kansas.[1]  (Doc. 1, at 1).  The deadline for Plaintiffs to amend their complaint was April 24, 2023. (Doc. 45).  Plaintiffs filed their present motion to amend on that date.  (Doc. 51).  Defendants argue the Plaintiffs' amendment to plead punitive damages is futile and causes undue prejudice.  (Docs. 54-55).

## ANALYSIS

### A. Plaintiffs' Motion for Leave to Amend.

Pre-trial motions to amend pleadings are governed by Federal Rule of Civil Procedure 15(a).  It provides that a party may amend its pleadings within 21 days after service "as a matter of course," or if the pleading is one which requires a responsive pleading, "21 days after service of the response or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1)(A), (B).

All other amendments require "the opposing party's consent or the court's leave," which should be given by the court freely when justice requires.  Fed. R. Civ. P. 15(a)(2).  A court's decision to grant leave is within the trial court's discretion and will not be reversed "absent an abuse of discretion."  ***Minter v. Prime Equip. Co.***, 451 F.3d 1196, 1204 (10th Cir. 2006).  Leave sought should be freely given the absence of "undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  ***Foman v. Davis***, 371 U.S. 178, 182 (1962).

Under Fed R. Civ. P. 9(g), special damages, punitive damages included, must be specifically stated in the pleading.  ***Capital Sols., LLC v. Konica Minolta Bus. Sols. U.S.A., Inc.***, No. 08-2027-JWL-DJW, 2009 U.S. Dist. LEXIS 49442, at *28 (D. Kan. June 11, 2009).

---

[1] All other Defendants consented to removal.  (Doc. 1, at 3).

Plaintiffs satisfy Rule 9(g), specifically stating in the proposed amended complaint that they are seeking punitive damages against Defendants Escott and Deterding with respect to counts I, II, and IV.  (Doc. 51).  Moreover, Plaintiffs added specific allegations of wanton conduct and authorization and ratification of such conduct.  (Doc. 51, *Exhibit 1*).

Plaintiffs filed a motion for leave to amend their Complaint to plead punitive damages against Escott and Deterding with respect to counts I, II, and IV.  (Doc. 51, at 1).  Plaintiffs updated their factual allegations, adding a history of complaints against both Escott and Deterding pertaining to wind drift damages to adjacent properties that Defendants allegedly sprayed with pesticides.  (Doc. 51, at 2-5).  Plaintiffs also allege that Defendants aerial pesticide applications without regard to the pesticide Specimen Label warnings and with wanton disregard to property boundaries.  (Doc. 51, *Exhibit 1*, at 14).

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  **Jefferson Cty. Sch. Dist. No. R-1 v. Moody's Investor's Servs.**, 175 F.3d 848, 859 (10th Cir. 1999).  The court uses the analysis that governs Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.  **Pedro v. Armour Swift-Eckrich**, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).  Therefore, dismissal on the basis of futility is appropriate when the allegations in the complaint, assumed true by the court, fail to state a plausible claim for relief.  **Tackett v. Univ. of Kan.**, 234 F. Supp. 3d 1100, 1106 ((D. Kan. 2017) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if the movant pleads facts that allows the court to reasonably infer the defendant is liable for the allegations.  ((Id., at 1106) (*citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  The opposing party bears the burden of establishing futility of the amended complaint.  **Riley v. PK Mgmt.**, LLC, No. 18-cv-2337-KHV-TJJ, 2019 U.S. Dist. LEXIS 113385, at *5 (D. Kan. July 9, 2019).

Defendants contend that Plaintiffs' punitive damages claims are not supported by the evidence and are therefore futile, specifically focusing on the 23 complaints filed against Escott since 2012 pertaining to wind drift damages. (Doc. 54, at 3-5). Deterding argues the amendment is futile because it does not contain any relevant evidence that supports a punitive damages remedy, also focusing on the 25 complaints filed against Deterding pertaining to wind drift damages. (Doc. 55, at 3-4). However, Plaintiffs provide more than just a history of complaints—they allege wanton conduct of the pilots acting within the course and scope of their employment, and they allege that Escott and Deterding both implicitly and/or expressly authorized the pilot's wanton conduct. (Doc. 1, *Exhibit 1*, 4-16). Plaintiffs' allegations support wanton conduct, which is defined as "doing something knowing that it is dangerous, and either being completely indifferent to the danger or recklessly disregarding the danger." PIK-Civil 4th, § 103.03. Escott attempts to oppose the rest of the allegations by stating Brad and Vance Lakey were never employees or agents of Escott. (Doc. 54, at 4). Plaintiffs allege the opposite, stating that Brad and Vance acted within the course and scope of their employment with Escott. (Doc. 51, *Exhibit 1*, at 13). Plaintiffs' allegations, taken as true and construed in a light most favorable to the Plaintiffs, provide a facially plausible claim of wanton conduct by Escott and Deterding. (Doc. 51, Exhibit 1, 4-16).

Defendant Deterding argues Plaintiffs must show "clear and convincing evidence" of wanton conduct by the Defendants. (Doc. 55, at 3). However, this evidentiary standard applies at trial and, to a degree, in dispositive motions. Federal procedural law controls at this stage of the proceeding. Moreover, movants must only state enough facts to make their punitive damages claim plausible on its face at this phase of the case. (*Id.*). The Defendants have not met their burden to establish that the proposed claims are futile.

Defendants Escott and Deterding next argue the amended complaint will cause undue prejudice. (*See generally* Docs. 54-55). Undue prejudice means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories" by the movant. ***United States v. Sturdevant***, No. 07-2233-KHV-DJW, 2008 U.S. Dist. LEXIS 69600, at *9 (D. Kan. Sep. 11, 2008) (citing *Jones v. Wildgen*, 349 F. Supp. 2d 1358, 1361 (D. Kan. 2004) (citations omitted)). Amendments inevitably cause some practical prejudice but leave to amend is only denied if the amendment would cause injustice to the defendants. (*Id*. (citing *Koch v. Koch Indus.*, 127 F.R.D. 206, 209-10 (D. Kan. 1989) (citations omitted)). Undue prejudice commonly occurs when the amended claims arise out of different subject matter from what set forth in the complaint and raise significant new factual issues." (*Id*. (citing *Minter v. Prime Equip. Co.*, 451 F.3d at 1208 (10th Cir. 2006))). It is the opposing party who has the burden of showing undue prejudice. (*Id*.) (citations omitted).

Plaintiffs' amended punitive damages claim adds allegations of wanton behavior by Escott and Deterding arising from the same subject matter alleged in the original complaint. (*See generally* Doc. 51, *Exhibit 1*). Escott and Deterding focus exclusively on the updated allegations containing past complaints against Defendants to the Kansas Department of Agriculture and Oklahoma Department of Agriculture. (Doc. 54, at 6; Doc. 55, at 2-3). Defendants argue that litigation of these past complaints would cause undue prejudice due to the complaints allegedly having no relation or bearing on the present case. (Docs. 54-55). The Court disagrees. Defendants have ample time to conduct discovery and all past complaints pertain to wind drift damage, the exact damage Plaintiffs allege to have suffered in the original complaint. (*See generally* Doc 1, *Exhibit 1*). Therefore, the added allegations in the amendment do not add any

significantly new factual issues nor do they arise out of different subject matter from what was set forth in the original complaint.

Defendants also argue the added history of complaints could confuse the jury. (See generally Docs. 54-55). This concern is premature and is a concern for consideration by the trial court. Lastly, Escott argues the added history of complaints was introduced in bad faith, claiming the complaints have no relation to the present claims and that they were alleged to impugn Escott's reputation. (Doc. 54, 6-7). However, the complaints do have relation to the Plaintiffs' claims and the complaints are available to the public. The Court does not find that the Defendants will suffer undue prejudice by allowing the proposed amendments to proceed. For the reasons set forth above, Plaintiffs' Motion to Amend is **GRANTED**.

**IT IS ORDERED THAT** Plaintiffs' Motion to Amend the Complaint (Doc. 51) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** Plaintiffs file their amended complaint within five (5) days of the date of this Order. Plaintiffs are ordered to file their amended complaint substantively unaltered from what is attached to their motion.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 13th day of June 2023.

/s Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge